## SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT *v.* Wali MUHAMMED

86-82                                                723 S.W.2d 828

Supreme Court of Arkansas
Opinion delivered February 16, 1987

*Webster L. Hubbell* and *Jim Hunter Birch*, of the *Rose Law Firm, A Professional Association*, for petitioner.

*Wali Muhammed*, pro se.

ROBERT H. DUDLEY, Justice. The Supreme Court Committee on Professional Conduct filed an original action in this Court asking that the respondent, Wali Muhammed, be held in contempt of this Court for refusing to appear at a Committee hearing involving two complaints which had been filed against him. A

Show Cause Order issued by this Court ordered respondent to appear and show cause why he should not be held in contempt. Pursuant to Rule 17 of the Rules of the Supreme Court, the Honorable John B. Plegge was appointed Master to take evidence, determine issues of fact, and make recommendations to this Court. The Master heard the evidence in an extensive hearing, made findings of fact, and made recommendations to this Court. The respondent has objected to the report of the Master. We have reviewed the transcript of the hearing and accept the report of the Master. We hold that respondent was given notice of the hearing before the Committee on Professional Conduct and that he refused to appear before the Committee.

Two complaints were filed with the Supreme Court Committee on Professional Conduct alleging misconduct on the part of respondent. Reprimands were issued by the Committee based upon the complaints. Respondent requested a subsequent hearing on the complaints pursuant to Rule 5(B)(1) of the Rules of Professional Conduct. By letter dated February 24, 1986, the Committee's Executive Secretary notified respondent that a hearing on the two complaints was scheduled for 9:30 a.m. on March 8, 1986. The Committee also sent a letter dated March 3, 1986 to respondent confirming the March 8 hearing date.

On March 4, 1986, the Executive Secretary of the Committee received a letter from respondent in which he refused to have a hearing regarding one of the complaints because it would breach the attorney-client relationship. Respondent also stated in the letter that he would be out of town on March 8 and asked that the hearing date for the other complaint be rescheduled. Upon receipt of this letter, the Executive Secretary wrote and hand-delivered to respondent's office a letter informing him that because of the impending hearing date, the schedules of the Committee members, and the fact that complainants and witnesses had been notified and planned to attend, the hearings could not be postponed or rescheduled. The hearings were held as scheduled on March 8, but respondent was not present.

In objecting to the Master's Report, respondent first argues that he was denied procedural due process because the Committee failed to give him actual notice of the March 8, 1986 hearing. We find no merit in his argument. Pursuant to ARCP

Rule 53(e)(2), we accept the Master's findings of fact unless they are clearly erroneous. In his report, the Master found that respondent had notice of the March 8 hearing. Giving due regard to the evidence presented at the Show Cause hearing, the Master's finding in this regard is not clearly erroneous. Respondent himself admitted at the hearing that he had notice of the March 8 hearing on or about February 24 in that he discussed it with his secretary.

Respondent next argues that the rules regulating professional conduct require a minimum of twenty days notice before a hearing and that he was only given twelve days notice. Respondent cites no specific rule in support of this argument because there is none. Rule 7(B) of the Rules of Professional Conduct requires at least twenty days notice of the time of trial in situations where the Committee elects to file a complaint with the circuit or chancery court. The Committee did not file such a complaint in the instant case, and therefore, Rule 7(B) is not applicable.

Several of the respondent's arguments are based upon his contention that the Arkansas Administrative Procedure Act applies to the Supreme Court Committee on Professional Conduct. Respondent is mistaken. Arkansas Stat. Ann. § 5-701(a) defines "agency." Courts are specifically excluded from the definition. The Committee on Professional Conduct is an arm of this Court and the Administrative Procedure Act does not apply to it. *See Muhammed* v. *Arkansas Supreme Court Committee on Professional Conduct*, 291 Ark. 29, 722 S.W.2d 280 (1987).

Finally, respondent argues that the Committee, the Supreme Court, and two circuit court judges have acted in concert to violate his civil rights by not following proper procedure in suspending his license. On the contrary, proper procedures were followed in suspending respondent's license to practice law.

The respondent is held in contempt of this Court and fined five hundred dollars ($500.00).

GLAZE, J., not participating.